IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Lemonte Hampton, #314697, | ) ) ) | C/A No.: 1:14-2224-MGL-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| PA Barnes, Sgt.; Whitney Clark, Sgt.; and Ernest Rowe, Disciplinary Hearing Officer; in their individual capacities, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Christopher Lemonte Hampton, proceeding pro se and in forma pauperis, is an inmate incarcerated at Broad River Correctional Institution ("BRCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges violations of 42 U.S.C. § 1983 against SCDC employees Sgt. PA Barnes, Sgt. Whitney Clark, and Disciplinary Hearing Officer ("DHO") Ernest Rowe ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual Background

Plaintiff contends that he was working in the prison cafeteria on December 1, 2013, when Barnes came into the tray room and accused him of masturbating. [Entry #1 at 5].

Plaintiff denied that it was him, and told Barnes that two people had walked out of the room a minute before Barnes had entered. *Id.* Barnes took Plaintiff's ID card, and Plaintiff was subsequently processed into segregation. *Id.* at 5–7. After Plaintiff arrived in segregation, he contends that he asked an officer to turn his cell light off and he began to talk to another inmate. *Id.* at 8. About 1.5 hours later, Clark turned on the light in Plaintiff's cell and accused him of masturbating. *Id.* Plaintiff contends that his hands were inside his garments and he decided not to remove them because it might make him look guilty. *Id.* On December 4, 2013, Plaintiff received two charge papers and incident reports and learned that Barnes and Clark charged him with public masturbation. *Id.* at 9.

On December 10, 2013, Rowe conducted Plaintiff's disciplinary hearings on the two masturbation charges. *Id.* Plaintiff alleges that because he suffers from a significant speech disorder, it was vital to offer a written statement in lieu of testifying. *Id.* However, he was unable to offer a written statement because his counsel substitute did not visit him prior to his hearing. *Id.* Prior to the start of the hearing, Plaintiff requested a continuance to take a polygraph test and have his accusers present. *Id.* Rowe denied Plaintiff's polygraph request and informed him that his accusers would testify on speakerphone. *Id.* Plaintiff's first hearing addressed Clark's accusation, and Plaintiff and Clark testified. *Id.* Rowe found Plaintiff guilty and sanctioned him to 180 days of wearing pink, 270 days canteen restriction, 270 days phone restriction, 90 days segregation, and 450 days visitation restriction. *Id.* at 10. Plaintiff's second hearing addressed Barnes' accusation. *Id.* After Plaintiff and Barnes testified, Rowe again found Plaintiff guilty and sanctioned him to 531

days wearing pink, 351 days canteen restriction, 171 days segregation, and 531 days visitation restriction. *Id.* at 11. Plaintiff seeks declaratory relief and monetary damages. *Id.* at 14.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

Plaintiff's complaint provides no facts indicating that his disciplinary convictions resulted in the loss of any earned sentence-related credits or that the disciplinary proceedings resulted in an increase in the sentence imposed. Instead, Plaintiff alleges that his disciplinary convictions resulted in his being placed in segregation, wearing a pink jumpsuit, and the loss of telephone, canteen, and visitation privileges. Plaintiff has failed to show that these sanctions impose an atypical and significant hardship. *See, e.g., Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (holding that inmates do not possess a liberty

interest in avoiding administrative segregation); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (finding a prisoner has no recognized liberty interest in a particular security classification or prison placement); *Williams v. Ozmint*, 726 F.Supp.2d 589, 593 (D.S.C. 2010) (finding policy requiring pink jumpsuits and the attendant restrictions are rationally related to legitimate penological interests); *Sandin*, 515 U.S. at 481 (holding that convicted prisoners do not have an inherent constitutional right to visitors); *Durdick v. Byars*, C/A No. 3:11-2979-CMC-JRM, 2012 WL 5306263, at *5 (D.S.C. Sept. 28, 2012) (finding no protected liberty interest in telephone or canteen). Because Plaintiff fails to show that the challenged disciplinary conviction enhanced his sentence in such a way as to implicate a protected liberty interest and give rise to the protection of the Due Process Clause, the complaint is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 19, 2014                                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).